James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@bandlpc.com
E-Mail:  klussier@bandlpc.com

**FILED: 2/3/14**

**JS-6**

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff CHANEL, INC.

Foster Tepper (State Bar No. 033045)
TEPPER & ASSOCIATES
9454 Wilshire Boulevard, Suite M-16
Beverly Hills, California 90212
Telephone: (310) 859-9754
Facsimile: (310) 859-9751
E-Mail: foster@tepperlawgroup.com

Attorneys for Defendant ROSITA RAHMANI

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>            Plaintiff,<br><br>v.<br><br>ROSITA RAHMANI, an individual,<br>d/b/a PASSION4FASHIONLESS d/b/a<br>SHOP_AUTHENTICFASHION4LESS<br>d/b/a 2001PUMPKIN, and DOES 1-10,<br><br>            Defendants. | Case No. CV 13-02622 GHK (JCGx)<br><br>**[PROPOSED] STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Chanel, Inc. ("Chanel") and Defendant Rosita Rahmani, an individual, d/b/a passion4fashionless d/b/a shop_authenticfashion4less d/b/a 2001pumpkin ("Defendant") stipulate and consent to the following:

- 1 -     CV13-02622 GHK (JCGx)

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

1    ~~**WHEREAS**, Defendant adopted and began using trademarks in the United~~
2    ~~States which infringe and dilute the distinctive quality of Chanel's various~~
3    ~~registered trademarks: CHANEL, ⓒⓒ and ⓒⓒ and as identified in Paragraph 7 of~~
4    ~~Chanel's Complaint filed herein (the "Chanel Marks");~~

5    ~~**WHEREAS**, Defendant's use of names and marks which are identical to, or~~
6    ~~substantially indistinguishable from the Chanel Marks is likely to cause confusion~~
7    ~~as to source or origin of Defendant's products, and will further dilute the distinctive~~
8    ~~quality of the Chanel Marks;~~

9    ~~**WHEREAS**, without the admission of any liability, the parties desire to~~
10   ~~settle and have amicably resolved their dispute to each of their satisfaction; and~~

11   ~~**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks,~~
12   ~~Chanel has superior and exclusive rights in and to the Chanel Marks in the United~~
13   ~~States and any confusingly similar names or marks.~~

14   IT IS BASED on the parties' stipulation (dkt #12),  ORDERED,
15   ADJUDGED AND DECREED  as between the parties that:

16   1.    Defendant and her officers, agents, servants, employees and attorneys,
17   and all persons in active concert and participation with them who shall receive
18   actual notice of this injunction are hereby permanently restrained and enjoined from
19   intentionally and/or knowingly:

20            A.    manufacturing or causing to be manufactured, importing,
21                   advertising, or promoting, distributing, selling or offering to sell
22                   counterfeit and infringing goods bearing the Chanel Marks;
23            B.    using the Chanel Marks in connection with the sale of any
24                   unauthorized goods;
25            C.    using any logo, and/or layout which may be calculated to falsely
26                   advertise the services or products of Defendant as being
27                   sponsored by, authorized by, endorsed by, or in any way
28                   associated with Chanel;

D. falsely representing Defendant as being connected with Chanel, through sponsorship or association,

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant, are in any way endorsed by, approved by, and/or associated with Chanel;

F. using any counterfeit, unauthorized reproduction copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, costume jewelry, including necklaces, key chains, and handbags;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Chanel, or in any way endorsed by Chanel;

H. offering such goods in commerce, and from otherwise unfairly competing with Chanel;

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of

- 3 -  CV13-02622 GHK (JCGx)

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

1  circumventing or otherwise avoiding the prohibitions set forth in
2  subparagraphs (A) through (I).

3  2. Chanel shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs.

4  3. The causes of action between Chanel and Defendant are hereby dismissed, subject to the terms of the Settlement Agreement between the parties. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5  4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

6  5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

7  6. All infringing and counterfeit Chanel branded products surrendered by Defendant to Chanel under the terms of the parties' settlement, shall be destroyed under the direction of Chanel.

**IT IS SO ORDERED.**

Dated: ___2/2___, 2014

_____
GEORGE H. KING
Chief United States District Judge